# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STECKLEIN & RAPP CHARTERED, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:23-mc-09003-RK<br>) |
| EXPERIAN INFORMATION<br>SOLUTIONS INC., | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Before the Court are two motions (1) Plaintiff Stecklein & Rapp Chartered's motion to strike Experian Information Solutions Inc.'s "Supplemental Statement of Relevant Facts and Law in Opposition to Plaintiffs' Motion to Quash" (Doc. 21), which is fully briefed (Docs. 27, 34); and (2) Plaintiff Stecklein & Rapp Chartered's motion for attorney fees and costs (Doc. 22), which is fully briefed. (Docs. 31, 36.)

The instant dispute began with Plaintiff's motion to quash two subpoenas issued in litigation pending before the District Court of the Southern District of Indiana. In that lawsuit Brianna and Craig Dulworth ("Plaintiffs"), represented by Stecklein & Rapp Chartered ("S&R"), assert violations of the Fair Credit Reporting Act ("FCRA") against several defendants, including Experian Information Solutions Inc. ("Experian"). Among other claims, Plaintiffs allege that Experian falsely reported an automobile loan as discharged in bankruptcy when they had instead reaffirmed the automobile loan during the bankruptcy proceedings. *See Dulworth v. Equifax Info. Servs. LLC*, No. 1:22-CV-00469-JMS-MJD (S.D. Ind.) (dkt. No. 72 at ¶¶ 10, 27).

Experian issued two subpoenas to S&R. The subpoenas sought, in relevant part, information related to representations made by Plaintiffs' counsel's firm in advertising, retention letters, interactions and communications with other clients, their compensation structure, and other similar matters. The Court held a hearing on S&A's motion to quash on April 5, 2023. Toward the end of the hearing, the Court indicated it would quash the subpoenas as to all requested information and have an order out by close of business April 7, 2023, just two days later. Specifically regarding document requests number 2 and number 12 and deposition subpoena topic

4, the Court directed the parties to submit additional papers by email or an ECF filing. (Doc. 37 at 54-55.)

S&R submitted a two-page letter by email addressing the topics on April 6. On the morning of April 7, Experian filed an eight-page "supplemental filing of relevant facts and law" accompanied by 138 pages of exhibits. (Docs. 18, 18-1, 18-2, 18-3, 18-4.) This supplemental filing did not address the document requests and deposition subpoena topic specified by the Court in the hearing. It primarily attempts to reargue other topics thoroughly covered in the hearing about which the Court did not solicit additional argument or authority. As such the Court finds it appropriate to strike the filing.

The Court turns now to Plaintiff's motion for attorney fees, which requests $93,243.50 in attorney fees and costs incurred from March 2, 2023, through May 23, 2023 (representing the original $66,909 in fees and $49 in costs requested in Plaintiff's motion for attorney fees and costs (Doc. 22), plus an additional $26,236 in fees and $49.50 in costs incurred since then). (Docs. 36, 36-1.) Defendant argues Plaintiff's hours billed are excessive and not reasonable.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 429 (8th Cir. 2017). A "reasonable hourly rate" is the ordinary rate for similar work in the community where the case is litigated. *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). "The most critical factor in assessing fees is the degree of success obtained." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 852 (8th Cir. 2002).

Here, the matter was not an ordinary discovery dispute as characterized by Defendant. Outside counsel for Plaintiff had to freshly orient themselves to the entirety of a case defense counsel already knew from its inception. The issues argued were not simple or straightforward. Defense counsel did not attempt in good faith to narrow its disputed inquiries to avoid the necessity of these proceedings. Of utmost importance, the Court's ruling quashing the subpoenas in total (and in this Order striking Defendant's improper supplemental filing) reflects complete success for Plaintiff. The Court finds the hourly rates counsel charged ($350/hr., $245/hr., $240/hr.) were reasonable. The Court finds the number of hours counsel expended in this litigation (346) were reasonable.

2

Accordingly, after review of the record and careful consideration, Plaintiff's motion to strike is **GRANTED** and Plaintiff's motion for attorney fees is **GRANTED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 31, 2023